[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 8, 2005
THOMAS  K. KAHN
CLERK

_____

No. 04-13005
Non-Argument Calendar

_____

D.C. Docket No.  03-00321-CR-MHS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWARD ANTHONY COLLIER,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Georgia

_____

**(June 8, 2005)**

Before TJOFLAT, ANDERSON and BARKETT, Circuit Judges.

PER CURIAM:

Pursuant to a plea agreement, appellant pled guilty to 10 counts of automatic

teller machine ("ATM") fraud, which is proscribed by 18 U.S.C.  §§  1029(a)(2)

and 1029(a)(5), and the district court sentenced him to concurrent prison terms of 37 months.[1]  He now appeals his sentences.

On pleading guilty, appellant admitted that the Government could prove beyond a reasonable doubt that his fraudulent conduct had caused a loss of approximately $250,000.  The presentence report (PSR) prepared for the court by its Probation Office fixed appellant's base offense level at six, as required by U.S.S.G. § 2B1.1(a), and enhanced that level by 14 levels, pursuant to U.S.S.G. § 2B1.1(b)(1)(H), because appellant, by engaging in the fraudulent conduct, had intended to cause a loss of $750,000.[2]  After making further adjustments to the base offense level and assigning appellant a criminal history category of II, the PSR recommended a Guidelines sentence range of 33 to 41 months' imprisonment. Appellant objected to the PSR's intended-loss determination, contending that he should be held responsible only for $246,760, the amount of funds he had withdrawn from the bank.  The court overruled his objection, held him responsible for a loss of $750,000, and imposed the sentences indicated above.

-----

[1] The district court's judgment reflects only one sentence of 37 months' imprisonment. We construe the judgment as imposing such sentence on each of the counts of conviction, the sentences to run concurrently.

[2] The PSR noted that although appellant had deposited $750,000 of counterfeit checks into a bank account but had withdrawn only $246,760 of that amount, he intended to create a loss of $750,000.

Appellant appeals his sentences on a ground not presented to the district court, to-wit: that Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531, 159 L.Ed.2d 403 (2004), precluded the court from finding an intended-loss amount greater than the loss amount he admitted when he tendered his pleas of guilty. The Supreme Court decided Blakely a few days after the district court sentenced appellant. In Blakely, the court reviewed a sentence imposed under the state of Washington's guidelines sentencing system and held that the court could not impose a sentence greater than the sentence justified by the facts on which a jury based its verdict or the defendant admitted. 542 U.S. at ____, 124 S. Ct. at 2537. After the parties briefed this appeal, the Court, in United States v. Booker, 543 U.S. ____, 125 S. Ct. 738, ___ L. Ed. 2d ____ (2005), extended Blakely to the federal Guidelines sentencing system, holding there is "no distinction of constitutional significance between the Federal Sentencing Guidelines and the Washington procedures at issue [in Blakely]." See Booker, 543 U.S. at ___, 125 S.Ct. at 749. The Court explicitly reaffirmed the rationale first pronounced in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed.2d 435 (2000), that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of

guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at ___, 125 S.Ct. at 756.

In a second and separate majority opinion, the Court in Booker concluded that, to best preserve Congress's intent in enacting the Sentencing Reform Act of 1984, the appropriate remedy was to "excise" two specific sections of the Sentencing Reform Act of 1984—18 U.S.C. § 3553(b)(1) (requiring a sentence within the guideline range, absent a departure) and 18 U.S.C. § 3742(e) (establishing standards of review on appeal, including de novo review of departures from the applicable guideline range)—thereby effectively rendering the Guidelines advisory only. Id. at ___, 125 S.Ct. at 764. Accordingly, district courts are now required to consider not only the applicable Guidelines range, see 18 U.S.C. § 3553(c), but also the full array of other sentencing factors enumerated in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence, protection of the public, the pertinent Sentencing Commission policy statements, and the need to avoid unwarranted sentencing disparities. Id. at ___, 125 S.Ct. at 764. The Court then announced that, under the remaining provisions of § 3742, courts of appeals must review sentences for "unreasonable[ness]." Id. at ___, 125 S.Ct. at 765.

4

Booker transforms appellant's Blakely argument for the vacation of his sentences and a remand for resentencing into a Blakely/Booker argument.  Since he raises it for the first time in this appeal, we review his sentences for plain error.  United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005), pet. for cert. filed, (U.S. Feb. 23, 2005) (No. 04-1148), rehearing en banc denied, United States v. Rodriguez, — F.3d —, 2005 WL 895174 (11th Cir. Apr. 19, 2005).  Under this standard, we may not correct an error the defendant failed to raise in the district court unless there is "(1) error, (2) that is plain, and (3) that affects substantial rights."  United States v. Cotton, 535 U.S. 625, 631, 122 S.Ct. 1781, 1785, 152 L.Ed.2d 860 (2002) (quotations and internal marks omitted).  "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Id. (quotations and internal marks omitted).

Rodriguez spells out this circuit's approach in determining whether plain error occurred because the district court enhanced the defendant's sentence based on facts not admitted by the defendant or found by a jury.  In Rodriguez, we readily concluded that error occurred and that it was plain.  Here, as well, we readily conclude that error occurred (when the court assessed the intended loss on

5

facts the defendant did not admit and, because he pled guilty, a jury did not find), and that the error is plain. We therefore move to the third prong of the plain error test, whether appellant has shown that the error affected his substantial rights. Rodriguez explains the defendant's burden thusly:

> the burden truly is on the defendant to show that the error actually did make a difference: if it is equally plausible that the error worked in favor of the defense, the defendant loses; if the effect of the error is uncertain so that we do not know which, if either, side it helped the defendant loses. Where errors could have cut either way and uncertainty exists, the burden is the decisive factor in the third prong of the plain error test, and the burden is on the defendant.

Rodriguez, 398 F.3d at 1300.

The record in this case contains no indication that the district court would have imposed a lower sentence had it treated the Guidelines as advisory rather than mandatory. Thus, appellant has not carried his burden of proving that the court's pre-Booker application of the Guidelines prejudiced his substantial rights. Because there is no plain error here, appellant's sentences are due to be affirmed.

AFFIRMED.

TJOFLAT, Circuit Judge, concurring specially:

As I explain in my dissent to the court's refusal to rehear Rodriguez en banc, the error in a case such as this—where the district court enhances the defendant's sentence on the basis of facts not admitted by the defendant or found by a jury—is structural error, and the third prong of the plain-error test is, therefore, inapplicable. See United States v. Rodriguez, — F.3d —, 2005 WL 895174 (11th Cir. Apr. 19, 2005) (Tjoflat, J., dissenting from the denial of rehearing en banc). Accordingly, the court should consider whether the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 736, 113 S. Ct. 1770, 1779, 123 L. Ed.2d 508 (1993). The court declines to do that because, as I agree, it is Rodriguez bound.